IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHERYL DAWN ZARNOWSKI, in** | : | |
| **her capacity as Executrix of Estate of** | : | |
| **Eleanor Cynthia Brixey,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 5:16-CV-414 (CAR)** |
| | : | |
| **JOELLE WEPREK,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

<u>ORDER ON DEFENDANT'S</u>
<u>MOTION TO DISMISS THE COMPLAINT</u>

Plaintiff Cheryl Dawn Zarnowski, as Executrix of the Estate of Eleanor Cynthia Brixey, has filed suit against Defendant Joelle Weprek seeking to invalidate a beneficiary change on the decedent's investment account.  Specifically, Plaintiff claims the decedent lacked the mental capacity to alter the beneficiary on her investment account with Merrill Lynch, and Defendant Weprek unduly influenced the decedent to make such a change.  Currently before the Court is Defendant's Motion to Dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).  Having considered the Motion, the pleadings, and the applicable law, Defendant's Motion to Dismiss [Doc. 8] is **GRANTED**.

## LEGAL STANDARD

District courts are courts of limited jurisdiction and may not hear a case where the court lacks jurisdiction over the subject matter of the dispute.[1]  The party bringing the claim bears the burden of establishing subject matter jurisdiction.[2]  A motion to dismiss for lack of subject matter jurisdiction may be based on either a facial or factual challenge to the complaint.[3]  Facial attacks require the court to accept the allegations set forth by plaintiff as true and determine from the face of the complaint whether "the plaintiff has sufficiently alleged a basis of subject matter jurisdiction."[4]  "In this sense, a facial challenge equips a plaintiff with safeguards similar to those afforded by a Rule 12(b)(6) motion for failure to state a claim and limits the court to a comparable scope of review."[5] "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."[6]

Here, Defendant's Motion to Dismiss is a facial attack.  Thus, the Court will accept the facts alleged in the Complaint as true and construe them in the light most favorable to Plaintiff.

---

[1] *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005); *see also* Fed.R.Civ.P. 12(b)(1).

[2] *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

[3] *See McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

[4] *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953 (1980)). "Factual attacks, on the other hand, challenge the existence of subject matter in fact irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. (internal quotation marks omitted).

[5] *Bailey v. Wells Fargo Bank, N.A.*, 174 F.Supp.3d 1359, 1361 (N.D. Ga. 2016) (citing *McElmurray*, 501 F.3d at 1251).

[6] Fed.R.Civ.P. 12(h)(3).

## BACKGROUND

Defendant Joelle Weprek is the decedent's, Ms. Brixey's, granddaughter.   In October 2014, Defendant was given the Power of Attorney for Ms. Brixey.   In August 2015, approximately one month prior to her death, Ms. Brixey designated Defendant, via electronic authorization, as the beneficiary of an investment account she held with Merrill Lynch.   At that time, Ms. Brixey was a resident at Lynn Haven Nursing Home in Gray, Georgia, and suffered from physical and mental impairments, including a cerebral vascular incident, a small brain aneurysm, and an altered mental state.[7]

Plaintiff, as Executrix of Ms. Brixey's Estate, originally filed suit against both Defendant Weprek and Merrill Lynch.[8]  Shortly thereafter, Merrill Lynch agreed to freeze Ms. Brixey's investment account and comply with any Court orders regarding the investment account; thus, Plaintiff dismissed any and all claims against Merrill Lynch without prejudice.  Therefore, Defendant Weprek is the only remaining Defendant in this case.

Here, Plaintiff seeks to invalidate the beneficiary change, claiming Ms. Brixey was not of sufficient mind and lacked the requisite mental capacity to change the beneficiary of her investment account, and Defendant unduly influenced her to make the change. However, Defendant counters that Plaintiff's Complaint must be dismissed because this

---

[7] Pl.'s Compl., [Doc. 1] at paras. 8-14.

[8] Initially, Plaintiff named Bank of America as the Defendant. However, in the Joint Stipulated Order, Merrill Lynch, Pierce, Fenner, & Smith Inc. was substituted as the proper Party-In-Interest. *See* [Doc. 5].

Court lacks subject matter jurisdiction over the case.

## DISCUSSION

A district court must have "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."[9]  In this case, Plaintiff invokes the Court's diversity jurisdiction.  Under 28 U.S.C. § 1332, district courts only have jurisdiction where the civil action is between "citizens of different states" and the amount in controversy "exceeds the sum or value of $75,000."[10]  "Diversity jurisdiction is determined at the time the complaint was filed."[11]

In this case, Plaintiff and Defendant are not diverse, as both are citizens of Georgia.[12]   Despite this fact, Plaintiff contends diversity jurisdiction still exists. Specifically, Plaintiff argues the Court should treat this case similarly to an interpleader case where only the disinterested company must be diverse from the claimants.  As such, because both claimants to the funds, Plaintiff and Defendant, are diverse from the entity holding the funds, Merrill Lynch, diversity jurisdiction exists.  Plaintiff essentially asks this Court to realign the parties to reflect their interests and create diversity among the parties.

---

[9] *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

[10] 28 U.S.C. § 1332(a)(1).

[11] *Holston Investments, Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012) (per curiam).

[12] *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original) (28 U.S.C. § 1332, "clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.").

Though district courts have a duty "to look beyond the pleadings and arrange the parties according to their sides in the dispute,"[13] realignment is improper in this case. Realignment is "determined by the principal purpose of the suit and the primary and controlling matter in dispute."[14] "Where the parties' interests are the same … those parties must be aligned together…, even where the parties' interests were in opposition outside of the issues raised in the subject action."[15]  Here, the principle purpose of the suit is to determine whether Ms. Brixey's beneficiary change was valid.  Yet, the primary and controlling matter in dispute is whether Defendant improperly used her power of attorney and unduly influenced Ms. Brixey to change the beneficiary on the investment account. The parties clearly disagree on whether Ms. Brixey was competent and of sound mind to make a beneficiary change on her investment account, and there is a claim asserted against Defendant for undue influence.  The parties' interests are undoubtedly adverse in this case and, thus, cannot be aligned together.[16]  Accordingly, because realignment is improper, the Court lacks subject matter jurisdiction over this case.[17]

---

[13] *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313-14 (11th Cir. 2012) (internal quotation marks and citations omitted).

[14] *Id.*

[15] *Id.*

[16] *Cf. id.* (holding realignment proper where there was no longer any dispute between the two parties, and the only outcome one party could want is for the other party to win); *Preferred Governmental Ins. Trust v. North River Ins.*, No. 3:13cv424-MCR-CJK, 2014 WL 11512201, at *2-4 (N.D. Fla. Feb. 26, 2014) (finding realignment appropriate where there was no dispute between the two parties, there are no claims filed against each other, and both parties would benefit from a ruling against the third party).

[17] Moreover, Merrill Lynch is not a party to this case and never filed an interpleader action.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss [Doc. 8] is **GRANTED**.

Plaintiff's Complaint [Doc. 1] is **DISMISSED without prejudice**.

**SO ORDERED**, this 6th day of March, 2017.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT